The opinion of the Court was delivered by
Gibson J.
The principal exception here is that there is no allegation, that the note was returned to the defendant below before the suit was brought.. The cause of action was the original price of the articles sold, and that was not released by the acceptance of the note, which could not, before it produced the money, be considered as payment. It was therefore unnecessary, in the statement, to say any thing about the agreement concerning the note, which was a distinct matter, and an immaterial part of the case. If the arrangement had produced payment of the price of the lumber, it would have been part of the defence; but it would also have been a matter, with which the plaintiff had nothing to do, before he was called on to answer it. But if the case even rested on the ground taken by the plaintiff in error, the result would be the same. In a statement, it is not necessary the plaintiff should aver performance of precedent conditions ; for that is implied, by the very act of bringing suit for money that could not otherwise be demandable. Riddle v. Stevens, 2 Serg. & Rawle, 537, goes this length. The legislature never intended, that a plaintiff should disclose his cause of action in a statement, with the same nicety and precision of averment, that is necessary in a declaration ; for that would do nothing towards effecting' the object in view, which was to enable suitors, if they should think proper, to conduct their causes, in plain cases, without the intervention of counsel. They have, therefore, required the plaintiff to specify only “ the date- of the promise, book account, penal, or single bill, and the whole amount that he may believe is justly due.’.’ By what authority shall we exact more ?
Beside these, there are exceptions to evidence, which, we are of opinion, cannot be sustained. The depositions admitted, appear to have been taken, on due notice j and the evidence was pertinent to the issue. The judgment is therefore affirmed.
Judgment affirmed.