## Snevely *against* Jones.

The nature of a case and its circumstances may raise such a natural presumption of a fact, as that it may be submitted to a jury without positive proof.

A judge is not bound to notice a defect of evidence on the trial, which is not pointed out to him. Points of defence on the evidence, relied on as available, ought to be explicitly made and submitted to the judge with a prayer for direction to the jury.

Nothing is indispensable to a statement which is not made so by the statute which has substituted it for a declaration; the cause of action must be set forth intelligibly, so as to exhibit an available cause of action, but performance of conditions precedent and every thing beyond the defendant's engagement to pay may be omitted.

ERROR to the common pleas of *Dauphin* county.

A. J. Jones against John Snevely. This was an action of debt upon the guaranty of a note in which the following statement was filed:

"A. J. Jones brings this suit to recover a sum of money due him by John Snevely, on a guaranty of a promissory note under seal transferred to him by John Snevely. One John M. Eberman had, on the 18th of January 1838, given his promissory note under seal, for the sum of one hundred and thirty-six dollars, payable sixty days after date to John Snevely; which note the said John Snevely, by a writing on the back of the same, transferred to A. J. Jones, which writing was to the following effect: 'I transfer and guaranty the payment of the within note to A. J. Jones.—John Snevely.' That afterwards, to wit: on the 20th of April 1838, the said A. J. Jones had judgment entered on said note, in the common pleas of Dauphin county, against the said John M. Eberman, and execution afterwards sued out on said judgment, but the said John M. Eberman had no property to satisfy the said judgment and execution, being insolvent, and having been discharged as an insolvent debtor by the court of common pleas of Dauphin county. Wherefore, the said A. J. Jones avers that there is due him on said guaranty, from the said John Snevely, the sum of one hundred and thirty-six dollars, with interest on the same from the 18th of March 1838, and costs, which ought to be recovered in this suit."

The facts thus stated were fully proved, and the court below (Porter, president) thus charged the jury:

"This is an action on a contract whereby the defendant assigned to plaintiff a judgment single bill, dated the 18th of January 1838, whereby John M. Eberman obligated himself to pay John Snevely the defendant, or to his order or assigns, the sum of 136 dollars, sixty days after date, and guarantied the payment of the same.

IX.—2 M*

[Snevely v. Jones.]

"There is no dispute but that Eberman made the single bill, and that the defendant assigned and guarantied it as alleged.

" The plaintiff is entitled to recover on the guaranty, if by the use of. due diligence, he has been unable to recover the amount of the maker of the single bill.

" It appears that, on the 20th of April 1838, he entered up a judgment in this court upon the instrument, which contained a warrant for that purpose, and on the same day issued a writ of *fieri facias* returnable to August term 1838, on which the sheriff made a return of *nulla bona,* and that, on the 20th of August 1838, at the term to which the execution was returned, John M. Eberman filed his petition for the benefit of the insolvent laws, under which he was discharged on the 7th of September 1838.

" It does not appear at what time the assignment was made by Snevely to Jones; and it may have been made upon the 20th of April 1838. We think the jury would do no injustice by presuming it was made upon that day, as the judgment was entered and the execution was issued upon that day.

" If you think so, then it would appear to us that the fact of due diligence has been made out, but that is a fact for you to determine.

" If you think due diligence had been used, and that by such diligence the amount could not be collected of Eberman, then your verdict should be for plaintiff; otherwise for defendant."

Assignment of errors:

1. The court erred in charging the jury, " the plaintiff is entitled to recover on this guaranty, if by the use of due diligence he has been unable to recover the amount off the maker of the single bill," the plaintiff having given no evidence that he duly proceeded against the maker of the bill when it fell due, or that he was then insolvent.

2. In leaving it to the jury to presume that the assignment from Snevely to Jones was not made until after the note fell due, and on the day judgment was entered upon it.

3. In leaving it to the jury to make out the fact of due diligence, by presuming another, about which there was no evidence, the presumption of law being the other way.

4. In not charging the jury that, under the testimony given in the cause, plaintiff was not entitled to recover; no evidence having been given of the insolvency of the maker when the bill fell due, or of due diligence having been used to collect it, or of notice of its non payment to the guarantor, and no averment or proof of a consideration for such guaranty having been made.

*Rawn,* for plaintiff in error, cited 16 *Serg. & Rawle* 79; 3 *Penn. Rep.* 18; 2 *Watts* 128; 4 *Conn. Rep.* 124, 533; 5 *Conn. Rep.* 175; *Chit. on Bills* 273, 240; 8 *Wend.* 600; 8 *Watts* 363; 1 *Ohio Rep.* 375, 498; *Bull. N. P.* 128; 8 *Conn. Rep.* 6; 5 *Whart.* 567; 2 *Stark. Ev.* 370; 3 *Penn. Rep.* 382; 13 *Serg. & Rawle* 311.

*M'Clure,* for defendant in error, stopped by the court.

The opinion of the court was delivered by

GIBSON, C. J.—It is true that the contract of guaranty is conditional, and that it lies on the guarantee to show performance of the condition in the first instance, as a part of his case; insomuch that if the scales hang equal, it will be the same as if there were no proof of it at all, because the *onus* lies upon him. But here, though there was no evidence of the time when he became the owner of the chose, and consequently no positive evidence that he attempted to collect it in a reasonable time afterwards, was there no natural presumption, or circumstantial evidence of it in the very nature of the case? These natural presumptions are nothing else than deductions from general experience; and they therefore belong to the class of circumstantial evidence. They are founded in an assumption of the fact, from its consistency with known principles of human conduct; such as that a man will not pay a debt before it is due; that he will not confess himself guilty when he is innocent; and that he is aware of the natural consequences of his actions; with many others that are put as instances: to which I add the very natural presumption, that he is always ready to take those measures which are obviously necessary to the protection of his property or interests. The presumption that he is endowed with a competent share of sagacity to perceive those measures, is a reasonable one; and, that he is so true to the instinct of his nature as to pursue them, being perceived, is as much so. These are premises from which a lawyer might argue and a jury draw a conclusion of the fact. As a general rule, then, it may be assumed that a man has sagacity to perceive, and energy to execute, every measure which the preservation of his property may dictate. Indolence is indeed sometimes too strong for cupidity; but instances of it are very rare and to be viewed as exceptions. To apply this presumption, then, to the case under consideration, it must be assumed, in the absence of proof to the contrary, that the guarantee had not become the owner of the debt at any material distance of time anterior to his effort to collect it. From the very fact that a guaranty was exacted, we are bound to presume, that the insolvency of the debtor, if it did not already exist, was thought to be approaching; and we are bound to presume also, that the guarantee was acquainted with the law which required him at his peril, to pursue with due diligence the means of recovery which the guarantor had put into his hands: whence an inference, that the time of transfer immediately preceded the judgment and execution, the circumstances from which it was deducible, being at least sufficient to be left to the jury.

The preceding remarks dispose of the first, second, and third exceptions; and the fourth is no better founded. What room has the defendant below to complain of an omission to charge, when it was not required, that the plaintiff was not entitled to recover, no evidence having been given of the insolvency of the maker when the bill fell due; or of due diligence to collect it; or of want of notice

[Snevely v. Jones.]

of its non-payment; or of want of averment and proof of considera-
tion for the transfer.   These were points of defence which, if relied
on as available, ought to have been explicitly made and submitted
with a prayer for direction.   But we know not that any thing else
than the time of the assignment was in contest; and it would be
unfair to raise a question of proof here, which was not raised below.
In any view of the matter, the judge was not bound to notice a
defect of evidence which had not been pointed out to him.   In re-
gard to the consideration of the transfer, it is enough that nothing
is indispensable to a statement, which has not been made so by the
statute which has substituted it for a declaration; and that requires
no more to be specified than the date of the contract, and the
amount supposed to be due by it.   The terms must doubtless be set
forth in an intelligible manner, for it would not else appear that
there is an available cause of action; but performance of conditions
precedent, and every thing beyond the defendant's engagement to
pay, may be omitted.   All beside is to be shown by evidence; as
was determined in Boyd *v.* Gordon, 6 *Serg. & Rawle* 53, and Reed
*v.* Pedan, 6 *Serg. & Rawle* 263.   But this part of the exception
regards not the statement of the cause of action, for that is not a
subject of direction, but a supposed want of due proof which, in the
absence of a particular submission of it for the action of the court,
is one which belonged to the jury.
     Judgment affirmed.